**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

EMPLOYERS INSURANCE COMPANY　　　　　:
OF WAUSAU　　　　　　　　　　　　　　　　　　:
175 Berkeley Street　　　　　　　　　　　　　　　:
Boston, Massachusetts 02116,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
LIBERTY INSURANCE CORPORATION　　　　　:
175 Berkeley Street　　　　　　　　　　　　　　　:
Boston, Massachusetts 02116,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiffs,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　vs.　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
KHK GROUP, LTD　　　　　　　　　　　　　　:
11255 Camp Bowie West Blvd., Suite 118　　　　　:
Aledo, Texas 76008　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
KHK CONSTRUCTION SERVICES, LLC　　　　:
11255 Camp Bowie West Blvd., Suite 118　　　　　:
Aledo, Texas 76008　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　And　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
HALEY L. ROTHENBUHLER　　　　　　　　　:
as Fiduciary and Personal Representative　　　　　:
of the Estate of Robert E. Rothenbuhler, deceased　:
47074 Sunfish Creek Road　　　　　　　　　　　:
Beallsville, Ohio 43716　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　　　　　　　　　　　:

ELECTRONICALLY
FILED
12/12/2022
U.S. DISTRICT COURT
Northern District of WV

Case No.　5:22-cv-306

Judge　Bailey

## COMPLAINT FOR DECLARATORY JUDGMENT

By and through counsel, Plaintiffs Employers Insurance Company of Wausau and Liberty

Insurance Corporation, collectively "Plaintiffs," hereby bring the following Complaint for

Declaratory Judgment against Defendants KHK Group, Ltd. ("KHK Group"); K H K Construction Services, LLC ("KHK Construction"); and Haley L. Rothenbuhler, as Fiduciary and Personal Representative of the Estate of Robert E. Rothenbuhler, deceased ("Ms. Rothenbuhler").

Plaintiffs seek a judgment declaring that they have no duty under policies of insurance issued by Plaintiffs to defend or potentially indemnify KHK Group or KHK Construction for any potential judgment in a lawsuit filed by Ms. Rothenbuhler against KHK Group, KHK Construction and other parties.

## The Parties and Jurisdiction

1.      Employers Insurance Company of Wausau ("Employers Insurance") is a Wisconsin corporation maintaining its principal place of business in Massachusetts.

2.      Liberty Insurance Corporation ("Liberty Insurance") is an Illinois corporation maintaining its principal place of business in Massachusetts.

3.      KHK Group, Ltd. ("KHK Group") is a Texas corporation maintaining its principal place of business in Texas.

4.      K H K Construction Services, LLC ("KHK Construction") is a Texas corporation maintaining its principal place of business in Texas.

5.      Haley L. Rothenbuhler ("Ms. Rothenbuhler") is a resident of Monroe County, Ohio and is the appointed Fiduciary of the Estate of Robert E. Rothenbuhler ("Mr. Rothenbuhler").

6.      Ms. Rothenbuhler has submitted to the jurisdiction of this Court by filing a lawsuit in the Circuit Court of Marshall County, West Virginia ("the Underlying Suit") against KHK Group and other defendants.

7.      KHK Group has submitted to the jurisdiction of this Court by doing business in the State of West Virginia, including on a project in which Mr. Rothenbuhler was injured while working.

8.      KHK Construction has submitted to the jurisdiction of this Court by doing business in the State of West Virginia, including on a project in which Mr. Rothenbuhler was injured while working.

9.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332, for the matter in controversy in this action exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

10.      This Court has the power to grant the relief sought in this action pursuant to 28 U.S.C. §2201.

### Statement of Facts - The Underlying Suit

11.      Ms. Rothenbuhler filed the Underlying Suit, which is styled *Haley L. Rothenbuhler v. Dynamic Structures, Inc.* and which was assigned Civil Action No. 21-C-30 by the Circuit Court of Marshall County, West Virginia.

12.      A true and accurate copy of the Amended Complaint in the Underlying Suit is attached as Exhibit A.

13.      The Amended Complaint is the most recent complaint in the Underlying Suit.

14.      The Amended Complaint alleges that Mr. Rothenbuhler died from injuries sustained in a well-pad workplace accident which occurred on or about January 22, 2020 in Marshall County, West Virginia.

15.      The Amended Complaint alleges that at the time of his injury, Mr. Rothenbuhler was employed by and working for KHK Construction.

16.     The Amended Complaint alleges against KHK Construction a statutory tort cause of action for the alleged violation of West Virginia Code §23-4-2(d)(2)(B).

17.     The Amended Complaint alleges against KHK Group a negligence cause of action.

18.     The Amended Complaint does not assert any other causes of action against KHK Group or KHK Construction.

19.     The Amended Complaint seeks a judgment and damages against KHK Group and KHK Construction based on these causes of action.

**Statement of Facts – The Commercial General Liability Policy**

20.     Employers Insurance issued a commercial general liability policy of insurance ("the CGL Policy") to KHK Group bearing policy number TBC-Z91-462471-030 and having a policy period of January 1, 2020 – January 1, 2021.

21.     A true and accurate copy of the CGL Policy, with premium information redacted and the pages labeled for identification, is attached as Exhibit B.

22.     KHK Group is the named insured under the CGL Policy.

23.     KHK Construction is not an insured under the CGL Policy.

24.     For the policy period in question, including the date of Mr. Rothenbuhler's injury, KHK Construction had its own commercial general liability policy of insurance issued by an insurer unaffiliated with Employers Insurance or Liberty Insurance.

25.     The CGL Policy provides in pertinent part in the Insuring Agreement for Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
> **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

(Ex. B, p. LIB 000013.)

26.     The CGL Policy includes an Exclusion – Designated Work which provides:

> This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.
>
> **SCHEDULE**
>
> **Description of your work:**
>
> All Operations pertaining to KHK Construction Services, LLC

(Ex. B, p. LIB 000051.)

27.     The CGL Policy includes an Exclusion – Designated Ongoing Operations which provides:

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

### SCHEDULE

| Description of Designated Ongoing Operation(s): | Specified Location (If Applicable): |
|---|---|
| All operations pertaining to KHK Construction Services, LLC | Any and all jobsites or locations |

(Ex. B, p. LIB 000052.)

## Statement of Facts – The Umbrella Policy

28.     Liberty Insurance issued an umbrella policy of insurance ("the Umbrella Policy") to KHK Group bearing policy number TH7-Z91-462471-050 and having a policy period of January 1, 2020 – January 1, 2021.

29.     A true and accurate copy of the Umbrella Policy, with premium information redacted and the pages labeled for identification, is attached as Exhibit C.

30.     KHK Group is the named insured under the Umbrella Policy.

31.     KHK Construction is not an insured under the Umbrella Policy.

32.     The Umbrella Policy provides in pertinent part in its Insuring Agreements:

1.   We will pay on behalf of the insured those sums in excess of the **retained limit** that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage** or **personal and advertising injury** to which this insurance applies. In addition, we will pay those sums in excess of the **retained limit** that the insured becomes legally obligated to pay as damages because of a negligent act, error or omission committed in the administration of the Named Insured's employee benefit program, to which this insurance applies.

The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE.**

(Ex. C, p. LIB 000089.)

33.     The Umbrella Policy includes a Designated Work Exclusion which provides:

**Schedule**

**Description of Your Work:Underground pipeline installation operations
All operations pertaining to KHK Construction Services, LLC**

The following exclusion is added to **SECTION V – EXCLUSIONS:**

a.  **Bodily injury** or **property damage** included in the **products-completed operations hazard** or

b.  **Personal and advertising injury**

arising out of **your work** shown in the Schedule above.

(Ex. C, p. LIB 000130.)

      34.     The Umbrella Policy includes a Designated Ongoing Operations Exclusion which

provides:

**Schedule**

**Description of Designated Ongoing Operation(s):Underground pipeline installation operations**

**Specified Location (If Applicable):All operations pertaining to KHK Construction Services, LLC**

The following exclusion is added to **SECTION V – EXCLUSIONS:**

**Designated Ongoing Operations**

Any liability arising out of the ongoing operation(s) described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a **location** is specified in the Schedule of this endorsement, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific **location** is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operation(s) conducted at that **location.**

For the purposes of this endorsement, **location** means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

(Ex. C, p. 000131.)

## <u>Count I: Declaratory Judgment – Employers Insurance</u>

35.     Employers Insurance incorporates herein by reference the allegations of the preceding paragraphs as if re-written in full.

36.     An actual controversy exists regarding whether the CGL Policy obligates Employers Insurance to defend or potentially indemnify KHK Group or KHK Construction for any potential judgment entered against either or both of them in the Underlying Suit.

37.     Employers Insurance believes that KHK Construction is not an insured under the CGL Policy, such that Employers Insurance has no duty to defend or indemnify KHK Construction for any potential judgment entered against it in the Underlying Suit.

38.     Employers Insurance believes that the claims in the Underlying Suit against KHK Group are excluded from liability coverage under the CGL Policy, such that Employers Insurance has no duty to defend or indemnify KHK Group for any potential judgment entered against it in the Underlying Suit.

39.     Ms. Rothenbuhler believes that Employers Insurance has a duty to indemnify KHK Construction and KHK Group under the CGL Policy for any judgment entered in the Underlying Suit against either or both of them.

40.     KHK Group and KHK Construction believe that Employers Insurance has a duty to defend and indemnify KHK Construction and/or KHK Group under the CGL Policy for any potential judgment entered in the Underlying Suit against either or both of them.

41.     Pursuant to 28 U.S.C. § 2201, and for the foregoing reasons, Employers Insurance hereby seeks a declaration from the Court that it has no duty to defend or indemnify KHK Construction or KHK Group for any potential judgment entered against either or both of them in the Underlying Suit.

## Count II: Declaratory Judgment – Liberty Insurance

42.     Liberty Insurance incorporates herein by reference the allegations of the preceding paragraphs as if re-written in full.

43.     An actual controversy exists regarding whether the Umbrella Policy obligates Liberty Insurance to defend or indemnify KHK Group or KHK Construction for any potential judgment entered against either or both of them in the Underlying Suit.

44.     Liberty Insurance believes that KHK Construction is not an insured under the Umbrella Policy, such that Liberty Insurance has no duty to defend or indemnify KHK Construction for any potential judgment entered against it in the Underlying Suit.

45.     Liberty Insurance believes that the claims in the Underlying Suit against KHK Group are excluded from liability coverage under the Umbrella Policy, such that Liberty Insurance has no duty to defend or indemnify KHK Group for any potential judgment entered against it in the Underlying Suit.

46.     Ms. Rothenbuhler believes that Liberty Insurance has a duty to indemnify KHK Construction and KHK Group under the Umbrella Policy for any judgment entered in the Underlying Suit against either or both of them.

47.     KHK Group and KHK Construction believe that Liberty Insurance has a duty to defend and indemnify KHK Construction and/or KHK Group under the Umbrella Policy for any potential judgment entered in the Underlying Suit against either or both of them.

48.     Pursuant to 28 U.S.C. § 2201, and for the foregoing reasons, Liberty Insurance hereby seeks a declaration from the Court that it has no duty to defend or indemnify KHK Construction or KHK Group for any potential judgment entered against either or both of them in the Underlying Suit.

**WHEREFORE**, Employers Insurance and Liberty Insurance pray for the following relief from this Court:

(1)     A Declaration that Employers Insurance has no duty under the CGL Policy to defend or indemnify KHK Group or KHK Construction for any potential judgment entered against either or both of them in the Underlying Suit;

(2)     A Declaration that Liberty Insurance has no duty under the Umbrella Policy to defend or indemnify KHK Group or KHK Construction for any potential judgment entered against either or both of them in the Underlying Suit;

(3)     Any other relief the Court deems appropriate.

Respectfully Submitted,

*/s/ William M. Harter*
William M. Harter (W.Va. Bar No. 7977)
Elise N. McQuain (W.Va. Bar No. 12253)
Frost Brown Todd LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211 / (614) 464-1737 (fax)
wharter@fbtlaw.com
emcquain@fbtlaw.com
*Attorneys for Plaintiff*

0000T69.0757549   4886-5780-1532v3